IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00230-REB-KLM

STEVE TAGUE,

    Plaintiff,

v.

MIND ROCKET, LLC,

    Defendant.

## ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for the Court to Review and Approve the Motion for Entry of Clerk's Default** [#25][1] (the "Motion"). Plaintiff asks the Court to review the Clerk of Court's refusal to enter default against Defendant under Fed. R. Civ. P. 55(a), as requested in Plaintiff's first Motion for Entry of Clerk's Default [#16] and second Motion for Entry of Clerk's Default [#19] (collectively, the "Motions for Default"). The Court has reviewed the Motion [#25], the Motions for Default [#16, #19], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set for the below, the Motion [#25] is **DENIED without prejudice**.

### I. Background

Plaintiff initiated this lawsuit on January 28, 2020, seeking judgment against Defendant for purported copyright infringement. *Compl.* [#1] ¶ 1. Plaintiff alleges that

---

[1] "[#25]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

1

Defendant copied Plaintiff's "copyrighted Work from the internet in order to advertise, market and promote [Defendant's] business activities."  *Id.* ¶ 4.  Plaintiff states that Defendant is a:

> Colorado LLC with its principal place of business at 5053 North 30th Street, Colorado Springs, Colorado, 80919, and can be served by serving its Registered Agent, Mr. Michael Larson, 2058 Paradise Ride Court, Colorado Springs, Colorado, 80921.

*Id.* ¶ 9.

In the Motion [#25], Plaintiff states that he attempted to serve Defendant five times through personal service.  *Motion* [#25] at 2.  The attempts to personally serve Defendant were carried out at Defendant's principal place of business at 5053 North 30th Street, Colorado Spring, Colorado, 80919 once per day from March 2, 2020, to March 6, 2020, for a total of five attempts at service.[2]  *Summons Returned Executed*, *Ex. A* [#21-2] at 4.  When these attempts proved unsuccessful, Plaintiff next, on May 20, 2020, "mailed the summons and a copy of the complaint via certified mail, return receipt requested to [Defendant's] registered agent, Michael Larson ("Larson") at 2058 Paradise Rise Court, Colorado Springs, Colorado 80291."  *Id.*  Plaintiff avers that service was effectuated on May 25, 2020, pursuant to Colo. Rev. Stat. § 7–90–704(2)(c), five days after the summons was mailed.  *Id.*

On July 1, 2020, Plaintiff filed the first Motion for Entry of Clerk's Default [#16], stating that "[Defendant] has failed to appear or otherwise respond to the Complaint within

---

[2] The Court notes a slight discrepancy among the documents here.  The form titled Denver Attorney Services, LLC [#21-2] at 4, states that service was attempted five times, including on March 6 ("Door lock No Access"), although no time is included for this attempt.  The Affidavit of Non-Service [#21-2] at 2, however, only lists the first four attempts, omitting the March 6 attempt at service.  Regardless of whether four attempts or five were made at this address, the issue is not material to the Court's resolution of the Motion [#25].

2

the time prescribed by the Federal Rules of Civil Procedure." On July 6, 2020, the Clerk entered a note denying entry of default, stating that "the affidavit or declaration required by Fed. R. Civ. P. 55(a) is not signed; no proof of service has been filed - the signed Return Receipt Proof of Delivery has not been filed." *See Clerk's Note Regarding Default* [#18]. On July 6, 2020, Plaintiff filed a second Motion for Entry of Clerk's Default [#19], again stating that "the time allowed for [Defendant] to respond to the Complaint has expired." On July 8, 2020, the Clerk again entered a note denying entry of default, on the basis that "no signed return receipt proof of delivery" had been filed. *See Clerk's Note Regarding Default* [#20]. In the present Motion, Plaintiff asserts that Defendant has been properly served and that the Clerk has "improperly declined to enter a Clerk's default against [Defendant]." *Motion* [#25] at 1.

## II. Analysis

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Generally, to avoid default, a defendant must serve an answer within twenty-one days of being served with the summons and complaint. *See* Fed. R. Civ. P. 12(a).

Before entry of default, the Court must first determine whether Defendant was properly served. *United States v. Welch*, No. 11-cv-02292-CMA-KLM, 2012 WL 4097737, at *1 (D. Colo. Sept. 17, 2012). The Complaint identifies Defendant as a limited liability company. *Compl.* [#1] ¶ 9. Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(h), which establishes the requirements for service of a corporation, partnership, or association. *See Welch*, 2012 WL 4097737, at *1; *United*

3

*States v. Berryman*, No. 11-cv-02708-WYD-KLM, 2013 WL 5878952, at *4 (D. Colo. Apr. 12, 2013), *report and recommendation adopted*, No. 11-cv-02708-WYD-KLM, 2013 WL 5466891 (D. Colo. Sept. 27, 2013). Rule 4(h) provides that service on a corporation, partnership, or association is adequate if effectuated:

> (A) in the manner described by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . .

Fed. R. Civ. P. 4(h)(1)(A), (B). Rule 4(e)(1) further provides that service is effectuated on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Here, Plaintiff relies on Colo. Rev. Stat. § 7–90–704(2)(c) regarding service on entities to demonstrate proper service on Defendant. *Motion* [#25] at 1. The relevant portion of the statute provides:

> [i]f an entity that is required to maintain a registered agent pursuant to this part has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address. Service is perfected under this subsection . . . [f]ive days after mailing.

Colo. Rev. Stat. § 7–90–704(2)(c).

Plaintiff is correct that Colo. Rev. Stat. § 7–90–704(2)(c) allows for service to be effectuated on a corporate entity by certified mail to the entity at its principal address. However, this method of service is valid only "*if* the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served." Colo. Rev. Stat. § 7–90–704(2)(c) (emphasis

4

added). Plaintiff has identified Defendant's registered agent as Michael Larson and the registered agent address as 2058 Paradise Court Road, Colorado Springs, Colorado, 80921. *Compl.* [#1] ¶ 9. Plaintiff asserts that personal service on Defendant's registered agent was unsuccessful through five separate attempts, and therefore, service by mail is valid. *Motion* [#25] at 2. In reviewing the Affidavit of Non-Service filed with Plaintiff's Summons Returned Executed [#21], all attempts at personal service upon Defendant's registered agent Michael Larson were carried out at Defendant's principal place of business at 5053 North 30th Street, not at Mr. Larson's registered agent address at 2058 Paradise Ride Court. *Summons Returned Executed*, *Ex. A* [#21-2] at 4. Thus, the Court is not inclined to agree that Plaintiff "diligently attempted to serve [Defendant] five times through personal service," *Motion* [#25] at 2, because there is no indication that personal service on Defendant's registered agent was attempted at the registered agent address at 2058 Paradise Ride Court, as required by Colo. Rev. Stat. § 7–90–704(2)(c).

In *A.O. Smith Corp. v. USA Smith Indus. Dev. Inc.*, No. 16-cv-2587-WJM-MJW, 2017 WL 2224539, at *2 (D. Colo. May 22, 2017), the Court deemed effective service by registered mail to an entity's business address, pursuant to Colo. Rev. Stat. § 7–90–704(2)(c), because personal service on the entity's registered agent was deemed unsuccessful after the plaintiff contacted "the current resident of the . . . home that is supposedly the address of Defendant's registered agent and concluded that the registered agent is not located there." The Court determined that the defendant had no registered agent actually living in the country at the time of service. *A.O. Smith Corp.*, 2017 WL 2224539, at *2.

5

In a similar case, service was permitted on an entity by mail after personal service on the entity's registered agent could not be completed "at the address of record on Defendant's registered agent filing" and at an alternate address associated with the registered agent. *See Kilthau v. Low T Med. Clinic, Inc.*, No. 14-cv-03309-MJW, 2015 WL 586262, at *1 (D. Colo. Feb. 11, 2015). After these attempts, the plaintiff then "searched public records and determined that [the registered agent's] most recent known address was in Nashville, Tennessee." *Id.* Based on these varied attempts to locate and serve the entity's registered agent, the Court determined that the plaintiff had "used all due diligence to obtain personal service, that Defendant's registered agent is not located under his name at his assigned address, and that Defendant's registered agent cannot with reasonable diligence be served," thus authorizing service on the entity at its principal address. *Id.*

In the foregoing cases, the Court found that the plaintiffs used reasonable diligence to locate and personally serve the defendants' registered agents because the plaintiffs unsuccessfully attempted to serve the registered agents at their registered agent address, and then sought to locate the registered agents elsewhere. The registered agents could not be located, and thus, service by mail to the entities' principal business address was valid pursuant to Colo. Rev. Stat. Ann. § 7–90–704(2)(c).

Here, Plaintiff asserts that he attempted to serve Defendant personally five times with no success, and "then attempted and successfully completed service pursuant to Colo. Rev. Stat. Ann. § 7–90–704(2)(c)" by mailing the summons and a copy of the complaint via certified mail. *Motion* [#25] at 2. However, the Court does not find, in this situation, that Plaintiff's attempts to personally serve Defendant are sufficient to allow for

6

service to be effectuated by mail. Per Colo. Rev. Stat. § 7–90–704(2)(c), service on an entity by mail is appropriate "if the registered agent is not located . . . at its registered agent address, or if the registered agent cannot with reasonable diligence be served." Plaintiff has not made any attempt to personally serve Defendant's registered agent at the known registered agent address or to locate the registered agent using any other avenue. The Court does not agree that Plaintiff has "diligently attempted" to serve Defendant because service has only been attempted at Defendant's business address. Thus, Plaintiff has not met the threshold requirement regarding attempted personal service on Defendant's registered agent to allow for service to be effectuated by mail under Colo. Rev. Stat. § 7–90–704(2)(c). Accordingly, the Court finds that Defendant has not been properly served.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#25] is **DENIED without prejudice**. Plaintiff may renew his request for entry of default, if necessary, after attempting to serve Defendant at the registered agent address or otherwise exercising reasonable diligence to discover an address at which Mr. Larson can be served pursuant to Colo. Rev. Stat. § 7–90–704(2)(c). Attempts at service shall be completed **no later than December 21, 2020**.

Dated: November 16, 2020

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge