**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**DENVER DIVISION**

**CASE NO.:  1:20-cv-00230-REB-KLM**

| | |
|---|---|
| STEVE TAGUE, | CIVIL ACTION NO.: |
| Plaintiff, | 1:20-cv-00230-REB-KLM |
| v. | |
| MIND ROCKET, LLC, | |
| Defendant. | |

**STEVE TAGUE'S OPPOSITION TO MIND ROCKET, LLC'S**
**MOTION TO SET ASIDE DEFAULT**

Plaintiff Steve Tague ("Tague"), by and through his undersigned counsel, submits this opposition to Defendant Mind Rocket, LLC's ("MRL") Motion to Set Aside Default and/or Default judgment.

**1.      INTRODUCTION**

Tague filed this case on January 28, 2020. [Dkt. No. 1]. This case concerns MRL's unauthorized use of Tague's photographs. [Dkt. No. 1 ¶¶ 1, 13-20]. MRL was personally served via its Registered Agent, Dr. Michael Larson, on November 20, 2020, at his home. [Dkt. No. 29]. MRL failed to respond, appear, and never contacted Plaintiff's counsel after being personally served.

The Court should deny MRL's motion to set aside Clerk's default and for leave to answer the complaint because MRL cannot demonstrate good cause for its neglect in answering or otherwise responding to the complaint. MRL is culpable for the default because it was personally served and failed to response, appear, or contact Plaintiff's counsel. MRL does not have a

meritorious defense because as outlined in its proposed answer, it is merely claiming boilerplate affirmative defenses. Lastly, setting aside the Clerk's default would prejudicially harm Tague because it would require time and resources to relitigate this matter.

Therefore, The Court should deny MRL's motion to set aside Clerk's default and for leave to answer the complaint, because MRL fails to meet the Tenth Circuit good cause standard.

**2.      THE COURT SHOULD DENY MRL'S MOTION BECAUSE IT FAILS TO DEMONSTRATE GOOD CAUSE**

The Tenth Circuit uses the good cause standard to determine if a default entry should be vacated. A default should be vacated when: "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the entry of default." *Gilmore v. Carlson*, 72 F, App'x. 798, 801 (10th Cir. 2003). However, "[a] court need not consider all of the factors and may consider other factors as well." *Guttman v. Silverberg*, 167 F. App'x. 1, 3 (10th Cir. 2005).

Although in *Gomes v. Williams*, the court stated that "the preferred disposition of any case is upon its merits and not by default judgement[,]" Tague believes that MRL's conduct demonstrates an extreme circumstance where the drastic step of default judgment is appropriate. 420 F.2d 1364, 1366 (10th Cir. 1970).

**A.      MRL Is Culpable for the Default and Has No One To Blame but Itself Because It Failed to Appear After Being Personally Served**

**i.      MRL Is Culpable Because MRL Was Personally Served and Had Actual Notice**

MRL exhibited culpable conduct that led to its default because it had been personally served and had not answered or otherwise responded to the complaint. MRL was personally served via its Registered Agent, Dr. Michael Larson at 2058 Paradise Ridge Court, Colorado

Springs, CO 89021, on November 20, 2020. [Dkt. No. 29]. Dr. Larson failed to mention in his declaration that he was personally served on November 20, 2020 [Dkt. No. 39-002].

In Dkt. No. 29, Ann Dempsey, the process server, describes her interaction with Dr. Larson. She stated that Dr. Larson, the Registered Agent, "accepted service in accordance with social distancing requirements." [Dkt. No. 29]. A white male, approximately 45-55 years old, whose identity was confirmed by his daughter, also being present, retrieved the documents after being placed on the ground in a clearly visible place at least six feet from the subject, in compliance with social distancing requirements. [Dkt. No. 29].

MRL claims to have only received notice of the case from FedEx on or around February 24, 2021 more than three months after being personally served. [Dkt. No. 29; 39-002]. Defendant's counsel finally contacted Plaintiff's counsel on April 16, 2021, five months after being personally served and almost two months after receiving notice via FedEx. MRL's culpable and reckless conduct alone led to the default.

### ii.     Tague Attempted to Serve MRL Nine Times

Beginning in January 2020, Plaintiff's counsel has attempted to serve MRL's addresses numerous times. Plaintiff's counsel contracted with Denver Attorney Services ("DAS") on January 30, 2020 to serve MRL at 2058 Paradise Ridge Court, Colorado Springs, CO 80921. [Dkt. No. 10]. After three failed attempts to serve MRL at that address, DAS then made four attempts at 5053 North 30th Street, Colorado Springs, CO 80919, with no success. [Dkt. No. 10].

After unsuccessfully serving MRL on seven different occasions, Plaintiff's counsel moved for and was granted a time extension to serve Defendant. [Dkt. No. 11; 12]. Shortly after, Plaintiff's counsel sent MRL, via certified mail, a copy of the complaint and summons to its 5053 North 30th Street address. [Dkt. No. 13-1; 13-4]. On November 16, 2020, the Court found

that Plaintiff's certified mail service was not effectuated. [Dkt. No. 28]. The Court further

extended the time for Plaintiff to serve. [Dkt. No. 28]. Finally, on November 20, 2020, MRL was

successfully **served via personal service** at 2058 Paradise Ridge Court, Colorado Springs, CO

89021, to the registered agent of MRL, Dr. Michael Larson. [Dkt. No. 29].

### iii.    MRL Claims to Have Received Notice of the Case on February 24, 2021 Does Not Demonstrate Good Cause

In his declaration, Dr. Michael Larson claims that he had not received notice of the case

until on or around February 24, 2021, when he received notice that was mailed to him via FedEx.

[Dkt. No. 39-002 ¶ 16]. He further claims that he contacted his insurance carrier the next day.

[Dkt. No. 39-002 ¶ 17]. After contacting his insurance carrier, Dr. Larson did not attempt to

contact the Court, Plaintiff's counsel, or seek his own counsel to represent him. Instead, he

allowed six weeks to pass, waiting on his insurance carrier. It was not until April 15, 2021,

almost two months after receiving the notice from FedEx that he finally obtained representation.

[Dkt. No. 39-002 ¶ 25]. By his own words, Dr. Larson appears to be sophisticated in matters of

federal litigation. In 2016, the Supreme Court of the United States granted writ of certiorari in his

patent infringement case. [Dkt. No. 39-002 ¶ 9].

MRL is culpable in the default because its undue delay in responding is what lead to the

default. MRL was personally served in November and did not answer or otherwise respond to the

complaint. More than three months passed, and it then received another notice from FedEx when

MRL received a copy of the motion for default judgment. From February to April, MRL was

unresponsive and is responsible for its failure to respond. In contrast, where a party has a choice

but, through inexcusable neglect, does not act, it is not a case of extraordinary circumstances,

and relief should not be granted. See *Ackermann v. United States*, 340 U.S. 193, 195–97(1950).

Thus, MRL is culpable for the default.

### iv.    Prior to Plaintiff's Counsel Engagement, ImageRights Attempted to Reach Defendant Numerous Times

Starting in October 2017, ImageRights International Inc. ("ImageRights"), on behalf of Plaintiff, attempted to reach MRL by email and telephone calls. For more than seven months, five emails and numerous telephone calls went unanswered by the Defendant. This further demonstrates that MRL is culpable in the default because it continued to ignore any attempt to resolve the matter. It failed to respond to ImageRights or Plaintiff's counsel and/or make an appearance before the Court. Therefore, MRL is culpable for the default.

### B.    MRL Does Not Have a Meritorious Defense to Copyright Infringement

The second factor a court reviews is whether the defendant has a meritorious defense. MRL fails to plead a meritorious defense in its motion to set aside Clerk's default. [Dkt. No. 39]. MRL claims that it did not respond to the lawsuit because it believed that it was a scam, but at the same time it complied with the demand letter. This in itself is a contradiction. If MRL believed that the numerous letters and court filings pertaining to the lawsuit were a scam, it makes no sense that MRL would comply with the take-down demand of the images.

On April 20, 2021, Defendant's counsel filed a proposed answer to the complaint. [Dkt. No. 40]. MRL's proposed answer contains twelve boilerplate affirmative defenses. [Dkt. No. 40]. In addition to the boilerplate affirmative defenses, the proposed answer contains mere general denials. Thus, MRL does not have a meritorious defense because general denials and boilerplate affirmative defenses do not provide a defense that addresses the substance of the case.

Therefore, MRL has no meritorious defense to Tague's copyright infringement claims and its motion should be denied.

### C.      Setting aside the Default would Prejudice Tague

Tague has plead copyright infringement. Setting aside the default would force Tague to file additional motions and spend additional time on this matter. It would be prejudicial to have Tague relitigate this matter when it has already been decided. Tague has already proven its case of copyright infringement against MRL.

### D.      MRL Failed to Meet and Confer Subject to D.C.COLO.LCivR 7.1

Under D.C.COLO.LCivR 7.1, there is a duty to confer before filing a motion. In addition, the rule states that, "the moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." Defendant's counsel waited until just minutes before filing its motion to set aside Clerk's default before reaching out to Plaintiff's counsel, Joel Rothman, leaving him a voicemail. Defendant's counsel clearly had the contact information for Plaintiff's counsel, but they chose to wait until the last minute before filing. Not only did they not follow the duty to confer with Plaintiff's counsel, but MRL also did not follow the rule by describing in the motion or certifying the specific efforts to fulfill the duty. Instead, Defendant's counsel certified that "they did communicate via telephone with one of Plaintiff's counsel of record regarding the instant Motion, but could not obtain any consent." This is not sufficient to meet the duty to confer required by the rule. The Court should not reward this reckless behavior by setting aside Tague's Default.

### 3.      CONCLUSION

MRL has failed to show any valid reason to set aside default and has contradicted itself in its filings with the Court. The facts show that MRL's culpable conduct led to the default that MRL does not have a meritorious defense; and that setting aside the default would prejudice

Tague. Tague respectfully requests the Court deny MRL's Motion to Set Aside the Clerk's Default and/or Leave to Answer the Complaint.

DATED: April 22, 2021                    Respectfully submitted,

                                         */s/ Jonah A. Grossbardt*
                                         JONAH A. GROSSBARDT
                                         jonah.grossbardt@sriplaw.com

                                         **SRIPLAW**
                                         8730 Wilshire Boulevard
                                         Suite 350
                                         Beverly Hills, CA 90211
                                         323.364.6565 – Telephone
                                         561.404.4353 – Facsimile

                                         JOEL B. ROTHMAN
                                         Joel.rothman@sriplaw.com

                                         **SRIPLAW**
                                         21310 Powerline Road
                                         Suite 100
                                         Boca Raton, FL 33433
                                         561.404.4350 – Telephone
                                         561.404.4353 – Facsimile

                                         and

                                         WILLIAM S. WENZEL
                                         info@redroadlegal.com

                                         **RED ROAD LEGAL, PC**
                                         7650 East Kenyon Avenue
                                         Denver, CO  80237
                                         888.443.5485 – Telephone

                                         *Attorneys for Plaintiff Steve Tague*