**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 20-cv-00230-REB-KLM

STEVE TAGUE,

     Plaintiff,

v.

MIND ROCKET, LLC,

     Defendant.

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**

**Blackburn, J**

This matter is before me on the defendant's **Motion to Set Aside Clerk's Default and for Leave To Answer the Complaint and Memorandum in Support** [#39][1] filed April 16, 2021. The plaintiff filed a response [#41], and the defendant filed a reply [#42]. I grant the motion.

**I. STANDARD OF REVIEW**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Fed. R. Civ. P. 55(c), a court may set aside an entry of default for good cause.

---

[1] "[#39]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

1

> The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. ***In re Dierschke***, 975 F.2d 181, 183 (5th Cir.1992). These factors are not "talismanic" and the court may consider other factors. ***Id***. at 184. However, the court need not consider all the factors. If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone. ***Id***. at 184; ***Alan Neuman Productions, Inc. v. Albright***, 862 F.2d 1388 (9th Cir.1988), cert. denied, 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989). ***But cf. Berthelsen v. Kane***, 907 F.2d 617 (6th Cir.1990); ***Federal Deposit Ins. Corp. v. Franscisco Inv. Corp.***, 873 F.2d 474 (1st Cir.1989).  Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. ***United States v. Timbers Preserve, Routt County, Colo.***, 999 F.2d 452, 454 (10th Cir.1993); 6 James W. Moore, et al., *Moore's Federal Practice*, § 55.10 [1] at p. 55–74, n. 24 (2d ed. 1994); see also, ***Meadows v. Dominican Republic***, 817 F.2d 517, 521 (9th Cir.), cert. denied, 484 U.S. 976, 108 S.Ct. 486, 487, 98 L.Ed.2d 485 (1987) (receiving actual notice of complaint and failing to respond is culpable conduct).

***Hunt v. Ford Motor Co.***, 65 F.3d 178 (table), 1995 WL 523646, at *3 (10th Cir. 1995).

The United States Court of Appeals for the Tenth Circuit has expressed a strong preference for deciding cases on the merits as opposed to by default. ***See Rains v. Rains***, 946 F.2d 731, 732–33 (10th Cir. 1991); ***Gomes v. Williams***, 420 F.2d 1364, 1366 (10th Cir. 1970) ("The preferred disposition of any case is upon its merits and not by default judgment.").

## II.  BACKGROUND

The plaintiff, Steve Tague, is a photographer.  In the complaint [#1], Mr. Tague alleges a single count of copyright infringement against the defendant, Mind Rocket, LLC.  The suit is based on Mind Rocket's alleged use of two photographs taken by Mr. Tague.  Mr. Tague alleges he holds a registered copyright on both photos.  He alleges further that Mind Rocket used both photos on the Mind Rocket website without permission from Mr. Tague.

2

Mr. Tague filed the complaint on January 28, 2020. He did not validly serve a summons and complaint on Mind Rocket until November 20, 2020. *Affidavit of Service* [#29]; *Order* [#28] (explaining why earlier attempts to serve defendant were invalid). The clerk entered default [#32] on January 6, 2021.

On November 20, 2020, a process server served Mind Rocket by personally delivering a summons and the complaint to Mind Rocket's agent for service of process, Dr. Michael Larson. Mind Rocket did not file a timely answer or other response. Mr. Tague filed his motion for default judgment [#36] on February 19, 2021. Judgment has not entered.

In its motion to set aside default [#39], Mind Rocket says its agent for service of process is Dr. Larson. In his declaration [#39-2], Dr. Larson says he is the owner and sole employee of Mind Rocket, LLC. *Larson Declaration* [#39-2], ¶ 3. According to Dr. Larson, during November and December of 2020, he suffered from an active COVID-19 infection. In addition, he says all of his family members with whom he resides also were infected and ill during this time period. One of his family members required a "demanding level of care." *Id.*, ¶ 14. Dr. Larson does not describe the level of COVID-19 symptoms he suffered personally, particularly on and near November 20, 2020, the date on which he received personal service on behalf of Mind Rocket.

More than two months later, on February 24, 2021, Dr. Larson received a delivery from Federal Express concerning this case. *Larson Declaration* [#39-2], ¶ 16. Presumably, this package included a copy of Mr. Tague's motion for default judgment [#36], which was filed on February 19, 2021. According to Dr. Larsen, he contacted the insurance carrier for Mind Rocket the next day, February 25, 2021. *Id.*, ¶ 17. At that point in time, Dr. Larsen says, "there were no immediate funds available for me to hire

3

an attorney." *Id.*, ¶ 17.  So, Dr. Larsen decided to await a decision from the insurance carrier about hiring counsel for Mind Rocket.  *Id.*  On April 13, 2021, a law firm emailed Dr. Larsen and Dr. Larsen responded the next day.  On April 15, 2021, Dr. Larsen "was notified of Mind Rocket's representation by Lewis Brisbois LLP."  *Id.*, ¶ 25.  The motion to set aside default [#39] was filed the next day, April 16, 2021.

### III.  ANALYSIS

#### A.  Culpable Conduct

Dr. Larsen is the owner and sole employee of the defendant, Mind Rocket, LLC. On behalf of Mind Rocket, Dr. Larsen ignored the summons and complaint served on him personally, as Mind Rocket's agent for service, on November 20, 2020.  According to Dr. Larsen, he and members of his family were infected with COVID-19 on November 20, 2020.  He does not describe how his illness or the illnesses of his family members prevented him from arranging a timely response to the summons and complaint served on him on November 20, 2020.  Dr. Larsen received also the Federal Express delivery concerning this case on February 24, 2021.  In response, on behalf of Mind Rocket, Dr. Larsen did not promptly hire counsel or contact this court by other means.  Rather, he awaited action my the insurance carrier for Mind Rocket.  In essence, he ignored the personal service on November 20, 2020, and he long delayed a response to the Federal Express delivery concerning this case on February 24, 2021.  Those delays are culpable conduct by Mind Rocket.

#### B.  Prejudice to Plaintiff

According to Mr. Tague, "(s)etting aside the default would force Tague to file additional motions and spend additional time on this matter.  It would be prejudicial to have Tague relitigate this matter when it has already been decided. Tague has already

4

proven [his] case of copyright infringement against [Mind Rocket]." *Response* [#41], p. 6.

This case has not already been decided. No judgment has entered. Mr. Tague has "litigated" this matter to the extent he has filed a complaint, a motion for entry of default, and a motion for entry of default judgment. On the current record, the nature and scope of the alleged copyright infringement has not been demonstrated. On the current record, the nature and scope of the damages allegedly suffered by Mr. Tague have not been shown. Further, his entitlement to statutory damages, based on the alleged willful nature of the copyright infringement, is based on a boilerplate allegation of willful infringement in the complaint. Neither the complaint nor the record contain any specific facts, alleged or otherwise, to support an award of statutory damages. Nevertheless, in his motion for default judgment [#36], Mr. Tague seeks an award of 300 thousand dollars in statutory damages. *Motion for default judgment* [#36], p. 5. The factual basis for an award of such damages remains opaque.

In short, the key factual and legal contentions of Mr. Tague have not been litigated and have not been proven or established. Requiring Mr. Tague to prove his claim and his entitlement to damages, if any, is not prejudice. **Brink v. Bank of America, N.A.**, No. 19-CV-03041-RBJ, 2020 WL 2769761, at *5 (D. Colo. May 28, 2020). Mr. Tague has not shown that he will suffer prejudice if the default of Mind Rocket is set aside.

### C.  Meritorious Defenses

Dr. Larsen says he thinks a previous Mind Rocket employee may have obtained the two photos in question, with permission, from a website known as Prexels. *Motion* [#39], p. 9. According to Dr. Larsen, the Prexels website provides photos for use

5

without the need for attribution.  *Id.*  When it learned the two photos at issue were being used improperly, Dr. Larsen says, Mind Rocket immediately took the two photos off if its website.  *Id.*  Dr. Larsen describes other circumstances which may or may not show authorized use of the photos via the Prexels website.  *Id.*, p. 10.  These factual contentions provide ample bases for defenses against Mr. Tague's copyright infringement claim.  In addition, these factual contentions raise myriad issues concerning the type and amount of damages, if any, to which Mr. Tague may be entitled.  These issues and others constitute meritorious defenses.

In his response [#41], Mr. Tauge does not address the defenses outlined in Mind Rocket's motion [#39].  Rather, Mr. Tague focuses only on Mind Rocket's proposed answer [#40-1].  Mr. Tague contends the "general denials and boilerplate affirmative defenses" asserted there "do not provide a defense that addresses the substance of the case."  *Response* [#41], p. 5.

Addressing the requirements for a response to a complaint, Rule 8 provides that a party must: "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b).  The proposed answer [#40-1] satisfies these basic requirements.  The factual contentions outlined by Mind Rocket in its motion [#39] are consistent with the contentions in the proposed answer [#41-1] and substantiate meritorious defenses which Mind Rocket may assert.  Mind Rocket presents meritorious defenses.

### D.  Conclusion

On balance, the relevant factors weigh in favor of setting aside the entry of default [#32] against Mind Rocket, LLC.  The reasons asserted by Mind Rocket to

6

explain its delayed response to a validly served summons and complaint carry minimal weight. However, setting aside the default would cause no prejudice to the plaintiff, Mr. Tague, and Mind Rocket has shown that it has meritorious defenses to the claim of Mr. Tague. Considered together, these three factors augur toward setting aside the default. In this context, the strong preference for deciding a case on the merits, as opposed to by default, requires that the default [#32] be set aside. ***See Rains v. Rains***, 946 F.2d 731, 732–33 (10th Cir. 1991).

## IV. CONCLUSION & ORDERS

Although the defendant engaged in culpable conduct when it delayed its response to valid service of a summons and complaint, the default [#32] of the defendant must be set aside. The plaintiff has not shown that it will be prejudiced if the default is set aside and the defendant has shown that it has meritorious defenses to the claim asserted in the complaint.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion to Set Aside Clerk's Default and for Leave To Answer the Complaint and Memorandum in Support** [#39] is granted;

2. That under Fed. R. Civ. P. 55(c), the default [#32] of the defendant is set aside;

3. That the defendant shall be permitted to file an answer to the complaint [#1];

4. That the defendant's proposed answer, captioned **Defendant Mind Rocket, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint for Copyright Infringement** [#40-1] is accepted for filing as the answer of the defendant; and

5. That the clerk shall file a copy of the proposed answer [#40-1] under a separate CM/ECF docket number designated as the answer of the defendant.

7

Dated June 10, 2021, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

8